## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| LOCAL 731 I.B. OF T. EXCAVATORS AND PAVERS PENSION TRUST FUND, PRIVATE SCAVENGER AND GARAGE ATTENDANTS PENSION TRUST FUND AND TEXTILE MAINTENANCE AND LAUNDRY CRAFT PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID C. SWANSON, GEORGE F. BEDNARZ and STEVEN M. BLONDY,<br><br>Defendants. | 1:09-cv-00799-MMB |
| DONALD B. BIGGERSTAFF, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID C. SWANSON, STEVEN M. BLONDY, and R. BARRY SAUDER<br><br>Defendants. | 1:09-cv-00803-MMB |

(Captions continued...)

## BRIEF IN SUPPORT OF MR. MICHAEL L. BUONPANE'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL

VINCENT VITALE, Individually and on
Behalf of All Others Similarly Situated,

                                    Plaintiff,

vs.

DAVID C. SWANSON, GEORGE F.
BEDNARZ and STEVEN M. BLONDY,

                                      Defendants.

1:09-cv-00820-MMB

MARC SAGGESE, on Behalf of Himself and
All Others Similarly Situated,

                                      Plaintiff,

vs.

DAVID C. SWANSON, GEORGE F.
BEDNARZ, STEVEN M. BLONDY, and
BARRY SAUDER

                                      Defendants.

1:09-cv-00859-MMB

# TABLE OF CONTENTS

**PAGE NO.**

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION ............................................................................................................... 1

PROCEDURAL BACKGROUND ....................................................................................... 2

STATEMENT OF FACTS .................................................................................................. 3

ARGUMENT ...................................................................................................................... 4

I.      THE ACTIONS SHOULD BE CONSOLIDATED .......................................... 4

II.     MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF ............................ 5

        A.      The Procedure Required by the PSLRA ................................................. 5

        B.      Movant Satisfies the "Lead Plaintiff"
                Requirements of the PSLRA .................................................................. 6

                1.      Movant Has Complied with the PSLRA
                        and Should Be Appointed Lead Plaintiff ................................. 6

                2.      Movant Has the Largest
                        Financial Interest in the Relief Sought by the Class ................ 7

                3.      Movant Otherwise Satisfies Rule 23 ........................................ 7

III.    THE COURT SHOULD APPROVE MOVANT'S
        CHOICE OF COUNSEL ................................................................................. 10

CONCLUSION .................................................................................................................. 10

# TABLE OF AUTHORITIES

## CASES

**Page(s)**

In re AMF Bowling Securities Litigation,
99 Civ. 3023, 2002 U.S. Dist. LEXIS 4949
(S.D.N.Y. Mar. 25, 2002) ...................................................................................................8, 9

Bassin v. Decode,
04 Civ. 7050, 2005 U.S. Dist. LEXIS 51
(S.D.N.Y. Jan. 3, 2005) ..........................................................................................................7

Bishop v. New York City Department of Housing Preservation and Development,
141 F.R.D. 229 (S.D.N.Y. 1992)............................................................................................9

In re Cavanaugh,
306 F.3d 726 (9th Cir. 2002) ..................................................................................................6

In re Century Business Services Securities Litigation,
202 F.R.D. 532 (N.D. Ohio 2001) ..........................................................................................3

Ferrari v. Impath,
03 Civ. 5667, 2004 U.S. Dist. LEXIS 13898
(S.D.N.Y. July 15, 2004)..........................................................................................................7

Fischler v. Amsouth Bancorporation,
96 Civ. 1567, 1997 U.S. Dist. LEXIS 2875
(M.D. Fla. Feb. 6, 1997) ..........................................................................................................8

Greebel v. FTP Software,
939 F. Supp. 57 (D. Mass. 1996)............................................................................................6

Johnson v. Celotex Corporation,
899 F.2d 1281 (2d Cir. 1990),
cert. denied, 498 U.S. 920 (1990)..........................................................................................5

Lax v. First Merchants Acceptance Corporation,
97 Civ. 2715, 1997 U.S. Dist. LEXIS 11866
(N.D. Ill. Aug. 11, 1997) ..............................................................................................3, 7, 8

In re Livent, Inc. Noteholders Securities Litigation,
210 F.R.D. 512 (S.D.N.Y. 2002)......................................................................................9, 10

Malasky v. IAC/Interactive Corporation,
04 Civ. 7447, 2004 U.S. Dist. LEXIS 25832 (S.D.N.Y. Dec. 21, 2004) ..................................3

Pirelli Armstrong Tire Corporation Retiree Medical Benefits Trust v. LaBranche & Co.,
    Inc.,
        229 F.R.D. 395 (S.D.N.Y. 2004) ................................................................................7

Sczesny Trust v. KPMG LLP,
        223 F.R.D. 319 (S.D.N.Y. 2004) ................................................................................7

In re Sumitomo Copper Litigation,
        194 F.R.D. 480 (S.D.N.Y. 2000) ................................................................................8

In re Sumitomo Copper Litigation,
        182 F.R.D. 85 (S.D.N.Y. 1998) ..................................................................................9

Takeda v. Turbodyne Technologies, Inc.,
        67 F. Supp. 2d 1129 (C.D. Cal. 1999) .......................................................................3

Zaltzman v. Manugistics Group, Inc.,
        98 Civ. 1881, 1998 U.S. Dist. LEXIS 22867
        (D. Md. Oct. 8, 1998) .................................................................................................8

## STATUTES

Private Securities Litigation Reform Act of 1995
        15 U.S.C. § 78u-4(a)(3) ..................................................................................... passim

Federal Rules of Civil Procedure
        § 23(a) ............................................................................................................. passim
        § 42(a) .......................................................................................................................5

## BRIEF IN SUPPORT OF MR. MICHAEL L. BUONPANE'S
## MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF,
## AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL

Mr. Michael L. Buonpane ("Movant") submits this brief in support of his motion for: (i) consolidation of the actions referenced in the instant captions (the "Actions"); (ii) appointment as Lead Plaintiff, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "1934 Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (iii) appointment of Wolf Haldenstein Adler Freeman & Herz LLP as Lead Counsel and Chimicles & Tikellis LLP as Liaison Counsel.

## INTRODUCTION

The Actions are securities fraud class actions brought against certain officers and directors of RH Donnelley Corporation ("Donnelley" or the "Company"), for violations of Sections 10(b) and 20(a) of the 1934 Act, and Rule 10b-5 promulgated thereunder, on behalf of a class (the "Class") consisting of all persons, other than defendants, who acquired Donnelley common stock between July 26, 2007, and May 29, 2009, inclusive (the "Class Period") to recover damages caused by defendants' violations of the federal securities laws. Donnelley filed for bankruptcy protection on May 29, 2009, and is thus not named as a defendant in any of the Actions.

During the Class Period, defendants issued materially false and misleading statements regarding the Company's business and financial results. Defendants caused the Company to fail to properly account for its bad debt expense and timely write down its impaired goodwill. As a result of defendants' false and misleading statements, Donnelley stock traded at artificially inflated prices during the Class Period, trading as high as $66.67 in July 2007.

The truth about Donnelley's business operations, finances, business metrics, and future business and financial prospects began to enter the market with a series of partial disclosures and revelations beginning in February 2008, which were accompanied by denials and continuing misrepresentations by defendants. As a result, the artificial inflation in Donnelley's stock price did not come out of the stock all at once, rather the artificial price inflation came out over time, in bits, pieces, and spurts as the stock continued to trade at artificially inflated, albeit lower, prices through May 2009.

Movant is an individual investor. During the Class Period, Movant purchased 110,000 shares of Donnelley common stock, expending over $500,000 and sustained losses of approximately $159,370 as a result of defendants' misconduct. As a result, Movant believes that he suffered the largest financial interest in the litigation of any movant and otherwise qualifies as the most qualified lead plaintiff.

Apart from the substantial monetary loss suffered by Movant, he exemplifies the type of Lead Plaintiff Congress envisioned when crafting the PSLRA. He executed an accurate and fulsome certification detailing his transactions in Donnelley common stock during the Class Period. He has also indicated his willingness to serve as a Lead Plaintiff and serve on behalf of the Class and work closely with his selected counsel, Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") and Chimicles & Tikellis LLP ("Chimicles & Tikellis") during the prosecution of this litigation. Accordingly, this Court should grant Movant's application seeking an order appointing him Lead Plaintiff, as well as approval of his selection of Wolf Haldenstein as Lead Counsel and Chimicles & Tikellis as Liaison Counsel for himself and the Class as set forth herein.

## PROCEDURAL BACKGROUND

On October 23, 2009, plaintiffs Local 731 I. B. of T. Excavators and Pavers Pension

Trust Fund, Private Scavenger and Garage Attendants Pension Trust Fund and Textile

Maintenance and Laundry Craft Pension Fund ("Local 731") filed a complaint against certain of

the Company's officers and directors. The Local 731 complaint alleges a class period of July 26,

2007, to May 28, 2009, inclusive. Three additional complaints were commenced in this Court

arising out of the same facts. The complaint filed by plaintiff Biggerstaff had a class period

ending on May 29, 2009. [1]

     Pursuant to the strictures of the PSLRA, on Ocotober 23, 2009, notice was published over

a nationally recognized newswire advising the Class that a stockholder initiated a lawsuit against

certain of the Company's officers and directors.

     In accordance with the PSLRA, Mr. Buonpane now timely moves to be appointed lead

plaintiff in the consolidated actions and for Wolf Haldenstein to be appointed as Lead Counsel

and Chimicles & Tikellis as liaison counsel.

## STATEMENT OF FACTS

     Donnelley operates as a Yellow Pages and online local commercial search company,

headquartered in Cary, North Carolina. Prior to 2003, Donnelley was an independent sales agent

and pre-press vendor for yellow pages advertising. Beginning in 2003, Donnelley began

acquiring yellow page publishing businesses in a quest to transform the Company into a leading

publisher of yellow pages directories and provider of online local commercial search services.

---

[1] The slight differences among class periods do not pose an obstacle to consolidation. See e.g., Malasky v. IAC/Interactive Corp, 04 Civ. 7447, 2004 U.S. Dist. LEXIS 25832, at *6 (S.D.N.Y. Dec. 21, 2004) ("Although some of the complaints identify the class period as commencing on July 19, 2001 while the others identify the commencement date as March 19, 2003, all of the complaints rest on the same fundamental allegations that defendants released fraudulent press releases . . ."); In re Century Bus. Servs. Sec. Litig., 202 F.R.D. 532, 537 (N.D. Ohio 2001) (consolidating actions alleging varying class periods); Takeda v. Turbodyne Techs., Inc., 67 F. Supp. 2d 1129 (C.D. Cal. 1999) (same); Lax v. First Merchants Acceptance Corp., 97 Civ 2715, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) (same). These, and any other differences, will be mooted by the filing of an amended complaint by the Lead Plaintiff.

During the Class Period, defendants caused the Company to fail to properly account for its bad debt expense and timely write down its impaired goodwill. Defendants issued materially false and misleading statements regarding the Company's business and financial results. As a result of defendants' false and misleading statements, Donnelley stock traded at artificially inflated prices during the Class Period, trading as high as $66.67 in July 2007.

Most of Donnelley's products and services involved a twelve-month cycle. As a result, Donnelley would effectively extend credit to its customers, most of whom were small and mid-sized companies. At the beginning of the Class Period, defendants reported the Company's bad debt expense represented 3% of its revenue. During the Class Period, defendants repeatedly assured investors that the Company was not experiencing a substantial increase in its uncollectible accounts and further that the Company was adequately reserving for its bad debts. Despite these assurances, by June 2009, the Company's bad debts represented 7.6% of its revenue, having a material adverse impact on the Company's liquidity.

On May 29, 2009, Donnelley filed for bankruptcy. This revelation prompted the Company's common stock to decline precipitously and caused stockholders to suffer substantial financial damage. Lawsuits ensued.

## ARGUMENT

## I. THE ACTIONS SHOULD BE CONSOLIDATED

The Actions involve class action claims on behalf of all purchasers of Donnelley common stock during the Class Period that assert similar and essentially overlapping class claims. Consolidation is appropriate where, as here, there are actions involving common questions of law or fact. See Fed. R. Civ. P. 42(a); Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (2d Cir. 1990), cert. denied, 498 U.S. 920 (1990). The consolidation test has been met and

4

it is highly unlikely that defendants will take a counter position. Accordingly, consolidation is appropriate.

## II.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

### A.    The Procedure Required by the PSLRA

The PSLRA established procedures that govern the appointment of a lead plaintiff in "each action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Here, notice of a related action was published via Business Wire on October 23, 2009. See Naylor Decl., Ex. 1

Second, within 60 days after publication of the first notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed lead plaintiff, whether or not they previously filed a complaint in the action. 15 U.S.C. § 78u-4(a)(3)(A) and (B).

Third, the PSLRA provides that within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that --
>
> (aa)    has either filed the complaint or made a motion in response to a notice . . .

> (bb)   in the determination of the court, has the largest financial
> interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the
> Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).  See generally Greebel v. FTP Software, 939 F. Supp. 57, 64 (D.

Mass. 1996).  See also In re Cavanaugh, 306 F.3d 726, 729 n.2 (9th Cir. 2002): "The Act sets up

a rebuttable presumption that the plaintiff with the largest stake in the controversy will be the

lead plaintiff."  Nevertheless, the Court may consider other factors in addition to the size of the

loss.  These considerations include whether under Rule 23, the candidate is a typical and

adequate representative.  Moreover, even if a movant does not have the largest loss *per se*, it may

rebut the presumption afforded the larger stockholder by demonstrating that the larger

stockholder does not satisfy Rule 23 or that the movant is otherwise more adequate.

**B.   Movant Satisfies the "Lead Plaintiff" Requirements of the PSLRA**

**1.   Movant Has Complied with the
PSLRA and Should Be Appointed Lead Plaintiff**

Pursuant to the provisions of the PSLRA, Movant timely moved to be appointed lead

plaintiff.[2]  He signed and filed a certification stating that: (i) he has reviewed the complaint filed

in this action; and (ii) is willing to serve as a representative party on behalf of the Class.  See

Naylor Decl., Ex. 2.  In addition, Movant selected and retained experienced and competent

counsel to represent himself and the Class.  See Naylor Decl., Ex. 3, 4.

Accordingly, Movant satisfied the individual requirements of 15 U.S.C. § 78u-4(a)(3)(B)

and is entitled to have his application for appointment as Lead Plaintiff and selection of counsel,

as set forth herein, considered and approved by the Court.

---

[2] December 22, 2009 is the 60th day after publication of the first notice.

### 2.    Movant Has the Largest Financial Interest in the Relief Sought by the Class

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the court shall appoint as lead plaintiff the class member or members who represent the largest financial interest in the relief sought by the action. "In light of the PSLRA's silence in prescribing a method for assessing a movant's financial interest, courts have examined several factors such as: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." Bassin v. Decode, 04 Civ. 7050, 2005 U.S. Dist. LEXIS 51, at *8 (S.D.N.Y. Jan. 3, 2005). See also Pirelli Armstrong Tire Corp. v. LaBranche & Co., Inc., 03 Civ. 8264, 2004 U.S. Dist. LEXIS 9571, at *7 (S.D.N.Y. May 27, 2004) (quoting Lax v. First Merchants Acceptance Corp., 97 Civ. 2715, 1997 U.S. Dist. LEXIS 11866, at *5 (N.D. Ill. Aug. 11, 1997)); Sczesny Trust v. KPMG LLP, 223 F.R.D. 319, 323 (S.D.N.Y. 2004); Ferrari v. Impath, 03 Civ. 5667, 2004 U.S. Dist. LEXIS 13898, at *4 (S.D.N.Y. July 15, 2004).

During the Class Period, as evidenced by the accompanying signed certification, Mr. Buonpane expended over $500,000 to acquire 110,000 shares of Donnelley common stock and suffered $159,371.77 in losses as a result of Defendants' misconduct. Movant therefore has the most significant financial interest in this case. Movant has not received notice of any other applicant that has sustained greater financial losses in connection with the purchase and/or sale of the Company's common stock.

### 3.    Movant Otherwise Satisfies Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the

requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court shall limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. Lax, 1997 U.S. Dist. LEXIS 11866, at *20; Fischler v. Amsouth Bancorporation, 96 Civ. 1567, 1997 U.S. Dist. LEXIS 2875, at *7-8 (M.D. Fla. Feb. 6, 1997); Zaltzman v. Manugistics Group, Inc., 98 Civ. 1881, 1998 U.S. Dist. LEXIS 22867, at *20 (D. Md. Oct. 8, 1998).

Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as Lead Plaintiff. Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists if claims "arise from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." See In re AMF Bowling Securities Litigation, No. 99 Civ. 3023, 2002 U.S. Dist. LEXIS 4949, *12 (S.D.N.Y. Mar. 26, 2002); In re Sumitomo Copper Litigation, 194 F.R.D. 480, 482 (S.D.N.Y. 2000). However, the claims of the class representative need not be identical to the claims of the class to satisfy typicality. See In re AMF Bowling Securities Litigation, 2002 U.S. Dist. LEXIS 4949. Instead, the courts have recognized that:

> [T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the

8

named plaintiffs and those of other class members, including
distinctions in the qualifications of the class members.

Bishop v. New York City Dep't of Hous. Pres. and Dev., 141 F.R.D. 229, 238 (S.D.N.Y. 1992).

See also In re Sumitomo Copper Litigation, 182 F.R.D. 85, 92 (S.D.N.Y. 1998) (Noting that "[i]t

is well settled in this Circuit that factual differences in the amount of damages, date, size or

manner of purchase, the type of purchaser, the presence of both purchasers and sellers, and other

such concerns will not defeat class action certification when plaintiffs allege that the same

unlawful course of conduct affected all members of the proposed class.")

Movant seeks to represent a class of all persons, other than Defendants, who acquired

Donnelley common stock during the Class Period, who have identical, non-competing and non-

conflicting interests. Movant satisfies the typicality requirement because he: (i) acquired

Donnelley common stock during the Class Period; (ii) at a price allegedly artificially inflated as a

result of Defendants' violations of the federal securities laws; and (iii) suffered damages thereby.

Thus, typicality is satisfied since the claims asserted by Movant arise from the same event or

course of conduct that gives rise to claims of other class members and the claims are based on

the same legal theory. In re Livent, Inc. Noteholders Securities Litigation, 210 F.R.D. 512, 516

(S.D.N.Y. 2002).

Under Rule 23(a)(4), the representative party must also "fairly and adequately protect the

interests of the class." The standard for adequacy of representation under Rule 23(a)(4) is met

by: (1) the absence of potential conflict between the named plaintiff and the class members, and

(2) the class representative's choice of counsel who is qualified, experienced and able to

vigorously conduct the proposed litigation. In re Livent, 210 F.R.D. at 512.

Movant is an adequate representative of the class. As evidenced by the injuries suffered

by Movant, his interests are clearly aligned with the members of the proposed class, and there is

no evidence of any antagonism between his interests and those of the proposed class. In addition, Movant's proposed Counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Movant prima facie satisfies the commonality, typicality and adequacy requirements of Rule 23.

Mr. Buonpane, therefore, satisfies all of the PSLRA's prerequisites and the practices of this judicial district for appointment as Lead Plaintiff and should be appointed as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B), of a class consisting of all persons that purchased Donnelley common stock from July 26, 2007, through May 29, 2009, inclusive.

## III.   THE COURT SHOULD APPROVE
## MOVANT'S CHOICE OF COUNSEL

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the proposed Lead Plaintiff shall, subject to court approval, select and retain counsel to represent the class they seek to represent. Movant has selected and retained Wolf Haldenstein to serve as Lead Counsel for the Class and Chimicles & Tikellis to serve as Liaison Counsel. Wolf Haldenstein and Chimicles & Tikellis have extensive experience in successfully prosecuting complex securities actions and have frequently appeared in major actions in this and other courts. See Naylor Decl., Ex. 3, 4.

Because there is nothing to suggest that Movant or his counsel will not fairly and adequately represent the Class, or that Movant is subject to unique defenses – which is the only evidence that can rebut the presumption of adequacy under the Act – this Court should appoint Movant as Lead Plaintiff and approve Wolf Haldenstein as Lead Counsel and Chimicles & Tikellis as Liaison Counsel for the Class.

## CONCLUSION

For the foregoing reasons, Movant requests that the Court:  (i) consolidate the above-captioned actions; (ii) appoint Movant as Lead Plaintiff in the Action; and (ii) approve Mr.

Buonpane's selection of Wolf Haldenstein as Lead Counsel and Chimicles & Tikellis as Liaison

Counsel for the Class.

Dated:  December 22, 2009

CHIMICLES & TIKELLIS LLP

Pamela S. Tikellis (#2172)
Robert J. Kriner, Jr. (#2546)
A. Zachary Naylor (#4439)
222 Delaware Ave., Suite 1100
P.O. Box 1035
Wilmington, Delaware 19899
(302) 656-2500

WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLP
Gregory M. Nespole
Gustavo F. Bruckner
270 Madison Avenue
New York, New York 10016
Telephone: (212) 545-4600
Facsimile: (212) 545-4653

LAW OFFICES OF BRUCE G. MURPHY
Bruce G. Murphy
265 Llwyds Lane
Vero Beach, FL 32963
Telephone: (772) 231-4202

*Attorneys for Movant*