IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LOCAL 731 I.B. OF T. EXCAVATORS AND PAVERS PENSION TRUST FUND and PRIVATE SCAVENGER AND GARAGE ATTENDANTS PENSION TRUST FUND AND TEXTILE MAINTENANCE AND LAUNDRY CRAFT PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DAVID C. SWANSON, GEORGE F. BEDNARZ and STEVEN M. BLONDY,<br><br>Defendants. | No. 1:09-cv-00799-MMB<br><br>CLASS ACTION |

*[Captions Continue on Following Page]*

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DENNIS JANSSEN FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL**

Paul A. Fioravanti, Jr. (#3808)
Laina M. Herbert (#4717)
**PRICKETT, JONES & ELLIOTT, P.A.**
1310 King Street
P.O. Box 1328
Wilmington, Delaware 19899
Telephone: (302) 888-6547
Facsimile: (302) 658-8111
*Proposed Liaison Counsel*

Dated: December 22, 2009

Lionel Z. Glancy
Michael Goldberg
Richard A. Maniskas
**GLANCY BINKOW & GOLDBERG LLP**
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
*Counsel for Dennis Janssen and
Proposed Lead Counsel for the Class*

20806.1\418297

| | |
|---|---|
| DONALD B. BIGGERSTAFF, On Behalf of Himself and All Others Similarly Situated,<br><br>      Plaintiff,<br><br>   v.<br><br>DAVID C. SWANSON, STEVEN M. BLONDY and R. BARRY SAUDER,<br><br>      Defendants. | No. 1:09-cv-00803-MMB<br><br><u>CLASS ACTION</u> |
| VINCENT VITALE, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>   v.<br><br>DAVID C. SWANSON, GEORGE F. BEDNARZ and STEVEN M. BLONDY,<br><br>      Defendants. | No. 1:09-cv-00820-MMB<br><br><u>CLASS ACTION</u> |
| MARC SAGGESE,<br><br>      Plaintiff,<br><br>   v.<br><br>DAVID C. SWANSON, GEORGE F. BEDNARZ, STEVEN M. BLONDY and R. BARRY SAUDER,<br><br>      Defendants. | No. 1:09-cv-00859-MMB<br><br><u>CLASS ACTION</u> |

# TABLE OF CONTENTS

                                                              **Page**

TABLE OF AUTHORITIES ........................................................................................... ii

PRELIMINARY STATEMENT ..................................................................................... 1

NATURE AND STATE OF THE PROCEEDINGS ...................................................... 2

SUMMARY OF THE ARGUMENT .............................................................................. 3

FACTUAL BACKGROUND .......................................................................................... 4

ARGUMENT .................................................................................................................... 7

    A.    The Related Actions Should Be Consolidated ...................................... 7

    B.    Dennis Janssen Should Be Appointed Lead Plaintiff ............................ 7

            1.    Dennis Janssen Is Making A Motion In Response To A Notice ................ 8

            2.    Dennis Janssen Believes That He Has The Largest Financial Interest In This Action ................................................................................. 9

            3.    Dennis Janssen Satisfies The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure ..................................................... 9

                  a.    Dennis Janssen's Claims Are Typical ........................................ 10

                  b.    Dennis Janssen Is An Adequate Representative ......................... 11

            4.    Dennis Janssen Is Presumptively The Most Adequate Lead Plaintiff ...... 12

    C.    The Court Should Approve Lead Plaintiff's Choice of Counsel ......................... 12

CONCLUSION ............................................................................................................... 14

# TABLE OF AUTHORITIES

## CASES

*Berger v. Compaq Computer Corp.*,
    257 F.3d 475 (5th Cir. 2001) ..................................................................................11

*Fischler v. Amsouth Bancorporation*,
    176 F.R.D. 583 (M.D. Fla. 1997).............................................................................10

*Gluck v. Cellstar Corp.*,
    976 F. Supp. 542 (N.D. Tex. 1997) ..........................................................................10

*Greebel v. FTP Software*,
    939 F. Supp. 57 (D. Mass. 1996) ...............................................................................9

*In re Cavanaugh*,
    306 F.3d 726 (9th Cir. 2002) ......................................................................................9

*In re Cendant Corp. Litigation*,
    264 F.3d 201 (3d Cir. 2001)...................................................................8, 10, 11, 12

*In re MicroStrategy, Inc. Sec. Litig.*,
    110 F. Supp. 2d 427 (E.D. Va. 2000) ..................................................................9, 12

*In re Oxford Health Plans, Inc. Sec. Litig.*,
    182 F.R.D. 42 (S.D.N.Y. 1998) ...............................................................................10

*In re Party City Securities Litigation*,
    189 F.R.D. 91 (D.N.J. 1999).......................................................................................8

*In re Royal Ahold N.V. Securities and ERISA Litigation*,
    219 F.R.D. 343 (D.Md. 2003).......................................................................7, 10, 11

*In re Vicuron Pharmaceuticals, Inc. Sec. Litig.*,
    225 F.R.D. 508 (E.D.Pa. 2004)......................................................................8, 10, 12

*In re Waste Mgmt. Inc. Securities Litigation*,
    128 F. Supp. 2d. 401 (S.D. Tex. 2000) ....................................................................10

*Janovici v. DVI, Inc.*,
    2003 WL 22849604 (E.D.Pa. Nov. 25, 2003) ............................................................7

*Johnson v. Celotex Corp.*,
    899 F.2d 1281 (2nd Cir. 1990) ............................................................................................ 7

*Smith v. Suprema Specialties, Inc.*,
    206 F. Supp. 2d 627 (D.N.J. 2002) ..................................................................................... 12

*Weltz v. Lee*,
    199 F.R.D. 129 (S.D.N.Y. 2001) ......................................................................................... 7

## **STATUTES AND MISCELLANEOUS**

The Private Securities Litigation Reform Act ................................................................... *passim*

15 U.S.C. §§ 78u-4 ............................................................................................................ *passim*

Fed. Rule of Civil Procedure 23(a) ............................................................................................ 9

## PRELIMINARY STATEMENT

Presently pending before this Court are four related securities class action lawsuits (the "Actions") brought on behalf of a class (the "Class") consisting of all persons other than defendants who purchased the securities of R.H. Donnelley Corporation ("R.H. Donnelley" or the "Company") between March 2, 2007 and April 25, 2008, inclusive (the "Class Period"), and alleging violations of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §§ 78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

The PSLRA requires a Court to adopt a presumption that the "most adequate plaintiff" in a securities class action is the class member with the largest financial interest in the litigation who also satisfies the adequacy and typicality requirements of Fed. R. Civ. P. 23.

Movant Dennis Janssen ("Movant") respectfully submits this memorandum of law in support of his motion for consolidation of related actions pursuant to Fed. R. Civ. P. 42(a), for appointment as lead plaintiff under § 21D(a)(3)(B) of the Exchange Act, and for approval of his selection of Glancy Binkow & Goldberg LLP ("Glancy Binkow") as lead counsel for the Class and Prickett, Jones & Elliott, P.A. ("Prickett Jones") as liaison counsel for the Class.

This motion is made on the grounds that Dennis Janssen is the most adequate plaintiff, as defined by the PSLRA. To the best of Movant's knowledge, he sustained the largest financial losses of all class members seeking to be appointed as lead plaintiff. In addition, as detailed herein, Dennis Janssen satisfies the requirements of Fed. R. Civ. P. 23 in that his claims are typical of the claims of the putative class and he is committed to fairly and adequately representing the interests of the Class.

## NATURE AND STATE OF THE PROCEEDINGS

On October 23, 2009, plaintiff Local 731 commenced the instant action and counsel for plaintiff published a notice of the pendency of plaintiff's case on *Business Wire,* a widely circulated national business-oriented wire service. *See* Declaration of Laina M. Herbert In Support of Motion of Dennis Janssen For Consolidation of Related Actions, Appointment As Lead Plaintiff, and Approval of Selection of Lead Counsel and Liaison Counsel (the "Herbert Declaration") at Exhibit A. This is a securities class action on behalf of purchasers of the publicly traded securities of R.H. Donnelley between July 26, 2007 and May 28, 2009, against certain of the Company's executive officers and/or directors for violations of the Securities Exchange Act of 1934. In addition to the *Local 731* action, three related actions (collectively, the "Related Actions") have been filed in this District, and each of the Related Actions is reflected above in the caption of this document.

Movant Dennis Janssen brings the instant motion pursuant to the *Local 731* complaint and notice of pendency, and files this motion prior to expiration of the 60-day period from publication of the October 23, 2009 notice.

## SUMMARY OF THE ARGUMENT

1.  Prior to appointing a lead plaintiff the Court must determine whether to consolidate actions. *See, e.g.,* 15 U.S.C. § 78u-4(a)(3)(ii). Here, the Related Actions involve common questions of law and fact and should be consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.

2.  Having suffered losses totaling approximately $64,205.58 as a result of his investments in R.H. Donnelley securities during the Class Period, Dennis Janssen believes he has suffered the largest financial loss of any movant seeking appointment as lead plaintiff in this matter and, as such, has the largest financial interest in the outcome of this litigation, otherwise meets the applicable requirements of Rule 23 of the Federal Rules of Procedure ("Rule 23") and thus, should be appointed lead plaintiff.

3.  Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), Dennis Janssen's selection of Glancy Binkow as Lead Counsel and Prickett Jones as Liaison Counsel should be approved.

## FACTUAL BACKGROUND

This is a securities class action on behalf of all persons other than defendants who purchased or otherwise acquired the publicly traded securities of R.H. Donnelley between July 26, 2007 and May 28, 2009, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act"). Named as defendants are certain of the Company's executive officers and/or directors.[1]

R.H. Donnelley operates as a Yellow Pages and online local commercial search company. Before 2003, the Company was an independent sales agent and pre-press vendor for yellow pages advertising, but in 2003 it began to acquire yellow pages publishing businesses and sought to transform the Company into a leading publisher of yellow pages directories and a provider of online local commercial search services.

In 2003, the Company acquired the Embarq Directory Business ("Embarq") from Sprint Nextel Corporation, and in 2004 it acquired the AT&T Directory Business ("AT&T Directory"). In January 2006, R.H. Donnelley acquired Dex Media from Qwest Communications International, Inc. The Company's growth-through-acquisition strategy caused it to take on substantial debt. Consequently, from 2002 through the end of 2007, R.H. Donnelley's long-term debt grew from $2.1 billion to $10 billion.

For years, investors viewed yellow pages companies as stable, high-margin companies with strong cash flows capable of carrying high debt. Nonetheless, in recent years investor's

---

[1] As a result of the Company's May 28, 2009, filing of a voluntary petition for reorganization under Chapter 11 of the U.S. Bankruptcy Code, R.H. Donnelley is not named as a defendant.

perceptions have changed due to declines in advertising budgets and a perceived shift from traditional print yellow pages searches to online searches.

Attempting to diversify, R.H. Donnelley began expanding its online offerings and introduced its "Triple Play" -- print yellow pages, Internet yellow pages, and search engine marketing/search engine optimizing tools. Despite the increase in its online offerings, high-margin print advertising contributed the majority of the Company's revenue.

As alleged in the complaints on file in this action, during the Class Period, defendants issued materially false and misleading statements concerning R.H. Donnelley's business and financial performance, and failed to properly account for the Company's bad-debt expense and timely write down its impaired goodwill. At the beginning of the Class Period defendants reported the Company's bad debt expense comprised 3% of its revenue, and throughout the Class Period repeatedly assured investors that the Company was not experiencing a substantial increase in its uncollectible accounts and was adequately reserving for its bad debts. Despite these assurances, by June 2009 the Company's bad debts comprised 7.6% of its revenue and had a material adverse effect on the Company's liquidity.

In addition, defendants repeatedly assured the market that the Company's strong cash flow from operations and the funds available under its revolving line of credit would be sufficient to support its capital structure, and that R.H. Donnelley had enough liquidity to fund its operations through early 2010, as the Company did not face a material maturity of its outstanding debt until March 2010. As a result of these false and misleading statements, R.H. Donnelley stock traded at artificially inflated prices during the Class Period, trading as high as $77.85 in July 2007.

Beginning in February 2008, however, defendants began to acknowledge problems with the Company's operations and financial results, but failed to fully disclose the extent of these problems or the risks they posed to Company. On March 12, 2009, R.H. Donnelley announced that it had retained Lazard as a financial advisor to assist in the evaluation of its capital structure, including various balance sheet restructuring alternatives. Then, on May 28, 2009, R.H. Donnelley filed for bankruptcy.

After the foregoing revelations entered the market, massive sales of R.H. Donnelley shares caused the Company's stock price to plummet more than 99% from its Class Period high. The stock now trades in the range of $0.01 per share.

# ARGUMENT

## A. The Related Actions Should Be Consolidated

Consolidation pursuant to Rule 42(a) is proper when actions involve common questions of law and fact. *See Weltz v. Lee,* 199 F.R.D. 129, 131 (S.D.N.Y. 2001). The Court has broad discretion under this Rule to consolidate cases pending within its District. *Johnson v. Celotex Corp.,* 899 F.2d 1281, 1284 (2nd Cir. 1990); *Janovici v. DVI, Inc.,* 2003 WL 22849604, at *3 (E.D.Pa. Nov. 25, 2003).

The actions pending before this Court present similar factual and legal issues, as they all involve the same subject matter, and present the same legal issues. Each alleges the same violations of federal securities laws, and is based on the same wrongful course of conduct. Each names the Company and certain of its officers and/or directors as defendants. Because the actions arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate. *See In re Royal Ahold N.V. Securities and ERISA Litigation,* 219 F.R.D. 343, 348 (D.Md. 2003) ("Consolidation is often appropriate in the case of multiple securities fraud actions that are based on the same public statements and reports.")

## B. Dennis Janssen Should Be Appointed Lead Plaintiff

Section 21D(a)(3)(B) of the PSLRA provides the procedure for selecting lead plaintiff in class actions brought under the Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA

provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as lead plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice...;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also In re Vicuron Pharmaceuticals, Inc. Secs. Litig.*, 225 F.R.D. 508, 510 (E.D.Pa. 2004); *In re Cendant Corp. Litigation*, 264 F.3d 201, 222 (3d Cir. 2001).

As set forth below, Dennis Janssen satisfies all three of these criteria, and thus is entitled to the presumption that he is the "most adequate plaintiff" for the Class.

### 1. Dennis Janssen Is Making A Motion In Response To A Notice

Plaintiff Local 731 commenced the instant action on October 23, 2009, and on that day, pursuant to §21D(a)(3)(A)(i) of the PSLRA, counsel for plaintiff published a notice of pendency of the *Local 731* case on *Business Wire* -- a widely circulated national business-oriented wire service[2] -- announcing that a securities class action had been filed against defendants herein, and advising purchasers of R.H. Donnelley securities that they had until December 22, 2009, to file a motion to be appointed as lead plaintiff. Movant Dennis Janssen files the instant motion pursuant to plaintiff Local 731's complaint and published notice, and submits herewith Movant's sworn certification attesting that he is willing to serve as representative of the Class and willing to provide testimony at deposition and trial, if necessary. *See* Herbert Declaration, Exhibit B.

---

[2] *In re Party City Securities Litigation,* 189 F.R.D. 91, 105 n.10 (D.N.J. 1999) (national newswire services meet the statutory notice provision).

Dennis Janssen therefore satisfies the requirement of either filing a complaint or making a motion in response to a published notice.

### 2. Dennis Janssen Believes That He Has The Largest Financial Interest In This Action

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii); *see also In re MicroStrategy, Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 433-34 (E.D. Va. 2000).

During the Class Period, Dennis Janssen purchased 158,180 shares of R.H. Donnelley at prices alleged to be artificially inflated by defendants' materially false and misleading statements and omissions, and as result, Movant has suffered financial losses of $64,205.58. *See* Herbert Declaration, Exhibit C. Movant is not aware of any other Class member that has filed an application for appointment as lead plaintiff demonstrating a larger financial interest and, consequently, believes that he has the largest known financial interest in this case among Class members who filed timely applications for appointment as lead plaintiff. Dennis Janssen thus satisfies the largest financial interest requirement to be appointed as lead plaintiff for the Class, and accordingly is presumed to be the "most adequate plaintiff." *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002); *Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

### 3. Dennis Janssen Satisfies The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. A *prima facie* showing that a PSLRA movant satisfies the requirements of Rule 23 is sufficient. *Vicuron*, 225 F.R.D. at 511; *In re Royal Ahold N.V. Securities and ERISA Litigation*, 219 F.R.D. 343, 350 (D.Md. 2003)(citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 264 (3d Cir.2001)). Courts thus limit their inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until class certification. *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) ("[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA.")(citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)).

### a. Dennis Janssen's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See In re Royal Ahold*, 219 F.R.D. at 350 (citations omitted). In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. *See In re Waste Mgmt. Inc. Securities Litigation*, 128 F. Supp. 2d 401, 411 (S.D. Tex. 2000). A preliminary showing that a PSLRA movant satisfies the requirements of Rule 23 is sufficient. *See In re Cendant Corp. Litig.*, 264 F.3d at 264.

Here, Movant Dennis Janssen's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that defendants violated the Exchange Act by publicly disseminating a series of false and misleading statements concerning R.H. Donnelley's business and operations. Movant, like all of the members of the Class, purchased R.H. Donnelley securities during the Class Period at prices artificially inflated by defendants' misrepresentations and omissions, and was damaged thereby. Consequently, the interests of Dennis Janssen are closely aligned with other Class members' interests and they are, therefore, typical of the other members of the Class.

### b. Dennis Janssen Is An Adequate Representative

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between the movant's claims and those asserted on behalf of the class. *See In re Royal Ahold*, 219 F.R.D at 350 (citing *In re Cendant Corp. Litig.*, 264 F.3d at 265).

Dennis Janssen has demonstrated his adequacy as lead plaintiff by evincing a strong desire to prosecute this action on behalf of the Class, and has shown that he is "'willing' and 'able' to 'take an active role in and control the litigation and to protect the interests of absentees.'" *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479 (5th Cir. 2001). Movant has retained experienced counsel to prosecute this case and has made this motion to be appointed lead plaintiff. Movant is not aware of any antagonism between his interests and those of other Class members. Movant also has sustained substantial financial losses from his investments in R.H. Donnelley securities and is, therefore, extremely motivated to vigorously pursue the claims in this action. *See* Herbert Declaration, Exhibit C.

### 4. Dennis Janssen Is Presumptively The Most Adequate Lead Plaintiff

The presumption in favor of appointing Dennis Janssen as lead plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §78 u-4(a)(3)(B)(iii)(I).

The presumption that Dennis Janssen is the "most adequate plaintiff" is not, therefore, subject to rebuttal. Movant has suffered substantial financial losses -- in excess of $64,000 -- and believes that he has the largest financial interest in this case. The ability of Movant to fairly and adequately represent the Class is discussed above. Movant has selected and retained competent and experienced counsel to represent him and the Class. *See In re MicroStrategy*, 110 F. Supp. 2d at 435-36. In addition, Dennis Janssen is not aware of any unique defenses defendants could raise against him that would render Movant inadequate to represent the Class.

Accordingly, Dennis Janssen is presumptively the "most adequate plaintiff" and should be appointed lead plaintiff for the Class.

### C. The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* § 21D(a)(3)(B)(v) of the Exchange Act; *In re Cendant Corp. Litig.*, 264 F.3d at 222-223. Thus, the Court should not disturb the lead plaintiff's choice of counsel unless "necessary to protect the interests of the plaintiff class." *Smith v. Suprema Specialties, Inc.*, 206 F. Supp. 2d 627, 642 (D.N.J. 2002); *Vicuron*, 225 F.R.D. at 511-12.

In the present case, Dennis Janssen has retained Glancy Binkow to pursue this litigation on his behalf, and will retain this law firm as plaintiff's lead counsel, with Prickett Jones as liaison counsel, in the event he is appointed lead plaintiff. Glancy Binkow possesses extensive experience in the area of class action and securities litigation, and the firm has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé, attached to the Herbert Declaration as Exhibit D. Prickett Jones has extensive experience in the areas of class actions and complex litigation and is well qualified to represent the Class, as reflected by the firm's résumé attached to the Herbert Declaration as Exhibit E. Thus, the Court may be assured that, by granting Dennis Janssen's motion, the Class will receive the highest caliber of legal representation.

## CONCLUSION

For the foregoing reasons, Dennis Janssen respectfully requests that the Court grant his motion and enter an Order (a) consolidating the related actions, (b) appointing Dennis Janssen as lead plaintiff on behalf of the Class, (c) approving Movant's choice of Glancy Binkow & Goldberg LLP as lead counsel for the Class, (d) approving Movant's selection of Prickett, Jones & Elliott, P.A. to serve as liaison counsel for the Class, and (e) granting such other relief as the Court may deem just and proper.

PRICKETT, JONES & ELLIOTT, P.A.

By: /s/ *Laina M. Herbert*
Paul A. Fioravanti, Jr. (#3808)
Laina M. Herbert (#4717)
1310 King Street
P.O. Box 1328
Wilmington, DE 19899
Telephone: (302) 888-6500
Facsimile: (302) 658-8111

*Proposed Liaison Counsel*

GLANCY BINKOW & GOLDBERG LLP
Lionel Z. Glancy
Michael Goldberg
Richard A. Maniskas
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Dennis Janssen
and Proposed Lead Counsel
for the Class*

DATED: December 22, 2009