**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LOCAL 731 I.B. OF T. EXCAVATORS AND PAVERS PENSION TRUST FUND, PRIVATE SCAVENGER AND GARAGE ATTENDANTS PENSION TRUST FUND AND TEXTILE MAINTENANCE AND LAUNDRY CRAFT PENSION FUND, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, )))))))))) | Civil Action No. 1:09-cv-00799-MMB <br><br> <u>CLASS ACTION</u> <br><br> Hon. Michael M. Baylson |
| Plaintiff, )) | |
| vs. )))) | |
| DAVID C. SWANSON, et al., )) | |
| Defendants. ))) | |

[Caption continued on following page.]

**OPENING BRIEF IN SUPPORT OF ZHENGXU HE'S MOTION
FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF,
AND APPROVAL OF HIS SELECTION OF COUNSEL**

| | |
|---|---|
| COUGHLIN STOIA GELLER <br>   RUDMAN & ROBBINS LLP <br> PAUL J. GELLER <br> DAVID J. GEORGE <br> ROBERT J. ROBBINS <br> 120 East Palmetto Park Road, <br> Suite 500 <br> Boca Raton, FL  33432 <br> Telephone:  561/750-3000 <br><br> COUGHLIN STOIA GELLER <br>   RUDMAN & ROBBINS LLP <br> DARREN J. ROBBINS <br> BRIAN O. O'MARA <br> 655 West Broadway, Suite 1900 <br> San Diego, CA  92101 <br> Telephone: 619/231-1058 | ROSENTHAL, MONHAIT & GODDESS, P.A. <br> Joseph A. Rosenthal (Del. Bar No. 234) <br> P. Bradford deLeeuw (Del. Bar No. 3569) <br> 919 N. Market Street, Suite 1401 <br> Wilmington, DE  19899 <br> Telephone:  302/656-4433 <br> 302/658-7567 (fax) <br> jrosenthal@rmgglaw.com <br> bdeleeuw@rmgglaw.com <br><br><br><br> *Counsel for Movant and Proposed* <br> *Lead Counsel for the Class* |

December 22, 2009

| | |
|---|---|
| DONALD B. BIGGERSTAFF, on Behalf of Himself and All Others Similarly Situated, ) ) ) | Civil Action No. 1:09-cv-00803-MMB <br><br> CLASS ACTION |
| Plaintiff, ) ) | |
| vs. ) ) | |
| DAVID C. SWANSON, et al., ) ) | |
| Defendants. ) ) | |
| VINCENT VITALE, Individually and on Behalf of All Others Similarly Situated, ) ) ) | Civil Action No. 1:09-cv-00820-MMB <br><br> CLASS ACTION |
| Plaintiff, ) ) | |
| vs. ) ) | |
| DAVID C. SWANSON, et al., ) ) | |
| Defendants. ) ) | |
| MARC SAGGESE, ) ) | Civil Action No. 1:09-cv-00859-MMB <br><br> CLASS ACTION |
| Plaintiff, ) ) | |
| vs. ) ) | |
| DAVID C. SWANSON, et al., ) ) | |
| Defendants. ) ) ) | |

**TABLE OF CONTENTS**

                                                                                           **Page**

I. STATEMENT OF THE MATTER BEFORE THE COURT ............................................... 1

II. SUMMARY OF ARGUMENT ........................................................................................ 2

III. STATEMENT OF FACTS .............................................................................................. 2

IV. ARGUMENT ................................................................................................................... 4

    A. The Actions Should Be Consolidated for All Purposes .......................................... 4

    B. Mr. He Satisfies the "Lead Plaintiff" Requirements of the Exchange Act and Should Be Appointed Lead Plaintiff ......................................... 5

        1. Mr. He Has Timely Moved for Appointment as Lead Plaintiff ................................................................................................. 6

        2. Mr. He Has the Requisite Financial Interest in the Relief Sought by the Class ............................................................................. 7

        3. Mr. He Satisfies the Requirements of Rule 23 ........................................... 7

    C. Mr. He's Selection of Lead and Liaison Counsel Should Be Approved ................................................................................................................. 9

V. CONCLUSION ............................................................................................................... 10

## TABLE OF AUTHORITIES

Page

**CASES**

*City of Roseville Employees Ret. Sys. v. Horizon Lines, Inc.*,
　　No. 08-969, 2009 U.S. Dist. LEXIS 62572
　　(D. Del. June 18, 2009) ..................................................................................................8

*Ferrari v. Impath, Inc.*,
　　No. 03 Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898
　　(S.D.N.Y. July 20, 2004) ................................................................................................4

*Greebel v. FTP Software*,
　　939 F. Supp. 57 (D. Mass. 1996) ....................................................................................5

*In re Enron Corp., Sec. Litig.*,
　　206 F.R.D. 427 (S.D. Tex. 2002) ....................................................................................9

*In re E.spire Commc'ns, Inc., Sec. Litig.*,
　　No. H-00-1140, 2000 U.S. Dist. LEXIS 19517, at *23-*24
　　(D. Md. Aug. 15, 2000) ..................................................................................................7

*Johnson v. Celotex Corp.*,
　　899 F.2d 1281 (2d Cir. 1990) .........................................................................................4

*Lax v. First Merchants Acceptance Corp.*,
　　No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866
　　(N.D. Ill. Aug. 11, 1997) ................................................................................................5

*Mitchell v. Complete Mgmt., Inc.*,
　　No. 99 Civ. 1454 (DAB), 1999 U.S. Dist. LEXIS 14460
　　(S.D.N.Y. Sept. 17, 1999) ..............................................................................................5

*Primavera Familienstiftung v. Askin*,
　　173 F.R.D. 115 (S.D.N.Y. 1997) ....................................................................................4

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
　　§78j(b) .............................................................................................................................2
　　§78t(a) .............................................................................................................................2
　　§78u-4(a)(1) ....................................................................................................................5
　　§78u-4(a)(3)(A) ...............................................................................................................6
　　§78u-4(a)(3)(A)(i) ...........................................................................................................5
　　§78u-4(a)(3)(B) ...........................................................................................................6, 7
　　§78u-4(a)(3)(B)(ii) ......................................................................................................2, 4
　　§78u-4(a)(3)(B)(iii) ..................................................................................................2, 6, 7
　　§78u-4(a)(3)(B)(v) ......................................................................................................2, 9

**Page**

Federal Rules of Civil Procedure
    Rule 23 .................................................................................................................. *passim*
    Rule 23(a) ....................................................................................................................... 7
    Rule 23(a)(3) .................................................................................................................. 7
    Rule 23(a)(4) .................................................................................................................. 8
    Rule 42(a) ............................................................................................................... 1, 2, 4

17 C.F.R.
    §240.10b-5 ...................................................................................................................... 2

Class member and proposed lead plaintiff Zhengxu "John" He, Individually and as Trustee for the He & Fang 2005 Revocable Living Trust ("Mr. He" or "Movant") respectfully submits this memorandum of law in support of his motion for: (1) consolidation of the related actions pursuant to Fed. R. Civ. P. 42(a); (2) his appointment as lead plaintiff in the above-referenced actions pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4; and (3) approval of his selection of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") as lead counsel and Rosenthal, Monhait & Goddess, P.A. ("Rosenthal Monhait") as liaison counsel for the class.

## I.   STATEMENT OF THE MATTER BEFORE THE COURT

Presently pending in this district are four related securities class action lawsuits (the "Actions") on behalf of persons who purchased or otherwise acquired securities of R.H. Donnelley Corporation ("R.H. Donnelley" or the "Company") between July 26, 2007 and May 28, 2009 (the "Class Period"), against several of the Company's officers and/or directors:[1]

| CASE NAME | CASE NO. | DATE FILED |
|---|---|---|
| *Local 731 I.B. of T. Excavators and Pavers Pension Trust Fund, et al. v. Swanson, et al.* | 09-CV-00799 | 10/23/09 |
| *Biggerstaff v. Swanson, et al.* | 09-CV-00803 | 10/26/09 |
| *Vitale v. Swanson, et al.* | 09-CV-00820 | 10/30/09 |
| *Saggese v. Swanson, et al.* | 09-CV-00859 | 11/13/09 |

---

[1]   R.H. Donnelley, which has filed for protection under the United States Bankruptcy Code, is not named as a defendant.

- 1 -

These Actions are brought pursuant to §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. §240.10b-5.

## II.     SUMMARY OF ARGUMENT

Pursuant to the PSLRA, prior to selecting a lead plaintiff, the Court must decide whether to consolidate the Actions. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). As soon as practicable after its decision on consolidation, the Court is to appoint as lead plaintiff the movant with the largest financial interest in the litigation that otherwise satisfies the requirements of Fed. R. Civ. P. 23. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).

Here, the Actions should be consolidated because they each involve substantially similar issues of law and fact. *See* Fed. R. Civ. P. 42(a). Mr. He should be appointed as lead plaintiff because he: (1) timely filed for appointment as lead plaintiff; (2) to his knowledge, has the largest financial interest in this litigation; and (3) will adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii); *see also* §IV.B, *infra*. Finally, Mr. He's selection of Coughlin Stoia to serve as lead counsel and Rosenthal Monhait as liaison counsel for the class should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## III.    STATEMENT OF FACTS

R.H. Donnelley provides local search solutions and services in the United States. The Company publishes yellow pages directories that provide businesses a basic listing that includes the name, address, and telephone number of the business in alphabetical order in the relevant classification; and white pages directories to residences and businesses in a given area that comprises the name, address, and phone number of each residence or business. It also offers awareness products that allow businesses to advertise in a variety of high-visibility locations on or inside a directory.

Prior to 2003, R.H. Donnelley was an independent sales agent and pre-press vendor for yellow pages advertising. Beginning in 2003, R.H. Donnelley began acquiring yellow page publishing businesses in a quest to transform the Company into a leading publisher of yellow pages directories and provider of online local commercial search services. In 2003, R.H. Donnelley acquired the Embarq Directory Business from Sprint Nextel Corporation. The following year, the Company acquired the AT&T Directory Business. In January 2006, R.H. Donnelley acquired Dex Media from Qwest Communications International, Inc. The Company's growth through acquisition history caused it to take on a substantial amount of debt. From 2002 through 2007, R.H. Donnelley's long-term debt grew from $2.1 billion at year-end 2002 to $10 billion by year-end 2007.

In an attempt to diversify, R.H. Donnelley expanded its online offerings and offered its customers a "Triple Play" bundle. The Triple Play bundle included print yellow pages, Internet yellow pages and search engine marketing/search engine optimizing tools. Despite the increase in online offerings, the majority of the Company's revenue was from its high margin print advertising.

During the Class Period, defendants issued materially false and misleading statements regarding the Company's business and financial results. Defendants caused the Company to fail to properly account for its bad debt expense and timely write down its impaired goodwill. As a result of defendants' false and misleading statements, R.H. Donnelley's stock traded at artificially inflated prices during the Class Period, trading as high as $66.67 in July 2007. However, beginning in February 2008, defendants began to acknowledge problems in the Company's operations and with its financial results. On March 12, 2009, R.H. Donnelley announced that it had retained a financial advisor to assist in the evaluation of its capital structure, including various balance sheet restructuring alternatives.

Then, on May 29, 2009, R.H. Donnelley filed for bankruptcy. The stock now trades at one cent per share.

The true facts, which were known by the defendants but concealed from the investing public during the Class Period, were as follows: (a) the Company was not adequately reserving for its bad debts in violation of Generally Accepted Accounting Principles, causing its financial results to be materially misstated; (b) the downward pressure the Company was experiencing with its advertising revenue was not exclusively due to cyclical challenges, as represented, but was also due to a permanent shift in customers moving away from print yellow pages advertising; (c) the Company had far greater exposure to liquidity concerns and ratings downgrades than it had previously disclosed; and (d) given the turmoil in the economy and the trends related to a shift away from print advertising, the Company had no reasonable basis to make projections about its 2008 results.

## IV.   ARGUMENT

### A.   The Actions Should Be Consolidated for All Purposes

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii).

Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). In these instances, district courts maintain "broad discretion to consolidate actions," *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997), and "have taken the view that considerations of judicial economy favor consolidation." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990); *see also Ferrari v. Impath, Inc.*, No. 03 Civ.

5667 (DAB), 2004 U.S. Dist. LEXIS 13898, at *7-*8 (S.D.N.Y. July 20, 2004) (finding that when securities action complaints "'are based on the same "public statements and reports," consolidation is appropriate if there are common questions of law and fact and the defendants will not be prejudiced'") (quoting *Mitchell v. Complete Mgmt., Inc.*, No. 99 Civ. 1454 (DAB), 1999 U.S. Dist. LEXIS 14460, at *4 (S.D.N.Y. Sept. 17, 1999)). The Actions relate to the same series of false and misleading statements and arise under the Exchange Act. As a result, the Actions should be consolidated.

### B.  Mr. He Satisfies the "Lead Plaintiff" Requirements of the Exchange Act and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure that governs the appointment of a lead plaintiff in each private action arising under the Exchange Act that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure. 15 U.S.C. §78u-4(a)(1)-(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Here, the relevant notice was published on *Business Wire* on October 23, 2009.[2] *See* Declaration of Brian O'Mara in Support of Zhengxu He's Motion for Consolidation, Appointment as Lead Plaintiff, and Approval of His Selection of Counsel ("O'Mara Decl."), Ex. A. Within 60 days after publication of the notice, any "person" or "group of persons" who are members of the

---

[2]   The national news wire services have been recognized as suitable vehicles for meeting the statutory requirement that notice be published "'in a widely circulated national business-oriented publication or wire service.'" *Greebel v. FTP Software*, 939 F. Supp. 57, 62 (D. Mass. 1996) (citation omitted); *see also Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. Aug. 11, 1997).

proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action.  *See* 15 U.S.C. §78u-4(a)(3)(A)-(B).

Second, the PSLRA provides that within 90 days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members.  *See* 15 U.S.C. §78u-4(a)(3)(B).  In determining the "most adequate plaintiff," the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person that –

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

### 1. Mr. He Has Timely Moved for Appointment as Lead Plaintiff

All class members who are interested in moving for the appointment of lead plaintiff in this matter must do so by December 22, 2009.  *See* 15 U.S.C. §78u-4(a)(3)(A)-(B). Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on October 23, 2009), Mr. He timely hereby moves this Court to be appointed lead plaintiff on behalf of all members of the class.  Mr. He has also duly signed and filed a certification stating his willingness to serve as a representative party on behalf of the class.  *See* O'Mara Decl., Ex. B.

### 2. Mr. He Has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, Mr. He suffered losses of over $1.8 million based on his Class Period purchases of R.H. Donnelley stock. *See* O'Mara Decl., Ex. C. To Mr. He's knowledge, his financial interest in this matter is the largest of any competing lead plaintiff movant. As a result, Mr. He should be appointed lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B).

### 3. Mr. He Satisfies the Requirements of Rule 23

According to 15 U.S.C. §78u-4(a)(3)(B)(iii), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Of these four prerequisites, only two – typicality and adequacy – directly address the personal characteristics of the lead plaintiff movant. Consequently, in deciding a lead plaintiff motion, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until a class certification motion is filed. *See In re E.spire Commc'ns, Inc., Sec. Litig.*, No. H-00-1140, 2000 U.S. Dist. LEXIS 19517, at *23-*24 (D. Md. Aug. 15, 2000).

Under Fed. R. Civ. P. Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiff's claims arise from the same series of events and are based on the same legal theories as the claims of

all the class members.  *See City of Roseville Employees Ret. Sys. v. Horizon Lines, Inc.*, No. 08-969, 2009 U.S. Dist. LEXIS 62572, at *5 (D. Del. June 18, 2009).  Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical.  *See id*.

Mr. He satisfies the typicality requirement of Fed. R. Civ. P. 23 because, just like all other class members, he: (1) purchased R.H. Donnelley securities during the Class Period at artificially inflated prices; and (2) suffered damages thereby.  Thus, Mr. He's claims are typical of those of other class members because his claims and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4) the representative party must also "fairly and adequately protect the interests of the class."  When considering adequacy, courts assess "whether the movant has the ability and incentive to vigorously represent the class claims, whether it has obtained adequate counsel, and whether there is any conflict between the movant's claims and the claims it asserts on behalf of the class."  *Horizon Lines*, 2009 U.S. Dist. LEXIS 62572, at *5.

Here, Mr. He is an adequate class representative because his interest in aggressively pursuing the claims against defendants is clearly aligned with the interests of the members of the class, who similarly suffered losses because of defendants' false statements to the market.  Further, there is no antagonism between Mr. He's interests and those of the other members of the class.  Moreover, and as demonstrated below, Mr. He's proposed counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner.  Thus, Mr. He *prima facie* satisfies the commonality, typicality and adequacy requirements of Fed. R. Civ. P. 23 for the purposes of this Motion.

### C. Mr. He's Selection of Lead and Liaison Counsel Should Be Approved

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the lead plaintiff shall, subject to court approval, select and retain counsel to represent the class it seeks to represent. In that regard, Mr. He, as the presumptively most adequate plaintiff, has selected Coughlin Stoia to serve as lead counsel for the class. Coughlin Stoia possesses extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. It has been appointed as lead or co-lead counsel in landmark class actions, including *In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427 (S.D. Tex. 2002). In approving the lead plaintiff's choice of Coughlin Stoia as sole lead counsel in *Enron*, the Honorable Melinda Harmon found that "the submissions of [Coughlin Stoia] stand out in the breadth and depth of its research and insight." 206 F.R.D. at 458; *see also* O'Mara Decl., Ex. D. Similarly, Rosenthal Monhait has experience in serving as liaison counsel in numerous securities and complex class actions, and is capable of doing so here. As a result, the Court should approve Mr. He's selection of Coughlin Stoia as lead counsel and Rosenthal Monhait as liaison counsel for the class.

## V.  CONCLUSION

For the foregoing reasons, the Court should consolidate the Actions and appoint Mr. He Lead Plaintiff and approve his selection of Coughlin Stoia as Lead Counsel and Rosenthal Monhait as Liaison Counsel for the class.

DATED:  December 22, 2009

Respectfully submitted,

ROSENTHAL, MONHAIT & GODDESS, P.A.

s/ P. Bradford deLeeuw
P. Bradford deLeeuw

Joseph A. Rosenthal (Del. Bar No. 234)
P. Bradford deLeeuw (Del. Bar No. 3569
919 N. Market Street, Suite 1401
Wilmington, DE  19899
Telephone:  302/656-4433
302/658-7567 (fax)
jrosenthal@rmgglaw.com
bdeleeuw@rmgglaw.com

[Proposed] Liaison Counsel

[Proposed] Lead Counsel for Plaintiffs:

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
PAUL J. GELLER
DAVID J. GEORGE
ROBERT J. ROBBINS
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
DARREN J. ROBBINS
BRIAN O. O'MARA
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)